NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0604n.06
No. 19-1093

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Dec 09, 2019<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| SEAN LAMONTE LINDSAY, aka Sean Lamonte Goodman, | ) | |
| Defendant-Appellant. | ) | |

Before: GIBBONS, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Sean Lindsay argues that he received a substantively unreasonable sentence for violating the terms of his supervised release. We reject his arguments and affirm.

In 2011, Lindsay pled guilty to bank robbery. *See* 18 U.S.C. § 2113(a). The district court sentenced him to 77 months in prison followed by 2 years of supervised release. He was released from prison in October 2017. After that, Lindsay worked several full-time jobs, but quit each one to avoid paying child support. As a result, he also failed to pay the restitution required by the terms of his supervised release. Nine months after his release, Lindsay tested positive for cocaine, which led the district court to order him to reside six months at a halfway house as part of his release. Seven weeks into that six-month term, Lindsay absconded from the halfway house—again a violation of the terms of his release. His guidelines range for that violation was 21-to-27 months,

but the statutory maximum for his violation was 24 months. *See* 18 U.S.C. § 3583(e)(3). The district court sentenced Lindsay to 24 months. We review the reasonableness of Lindsay's sentence for an abuse of discretion. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). Where, as here, the district court imposed a within-Guidelines sentence, "a presumption of reasonableness applies[.]" *United States v. Mosley*, 635 F.3d 859, 865 (6th Cir. 2011).

Lindsay argues that the district court's sentence was excessive because, he says, his abscondence was his first violation of supervised release. But the abscondence was Lindsay's third violation—he had violated the terms of his release by failing to pay restitution and by testing positive for cocaine. Thus, the district court did not abuse its discretion.

Lindsay also says the district court failed to credit the fact that he had secured employment while on release. But the district court cited Lindsay's job—albeit after selecting Lindsay's sentence—as a "bright spot" amid a criminal record that left Lindsay "in custody or on community supervision almost constantly since 1993." R. 56, PageID 308. So that criticism is without merit as well.

The district court's sentence is affirmed.